46

LEAH M. WILLMS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 12, 1944.*

HARRY B. HOFFMAN, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

ECKERT, J.

On August 1, 1942, the claimant, Leah M. Willms, was employed as a stenographer and secretary to the Director for Peoria County of the Governor's Committee on Re-employment, at a salary of Eighty-five Dollars ($85.00) per month. This Committee was organized in 1941, and an appropriation of $150,000 was made to it by the 62nd General Assembly. The Committee's existence terminated on June 30, 1943.

Claimant alleges that she continued in her employment until September 1, 1943, when she resigned because of non-payment of salary for the months of July and August, 1943. Claim is made for One Hundred Seventy Dollars ($170.00).

The respondent has filed its motion to dismiss the complaint on the ground that it fails to state a cause of action because the alleged services upon which the claim is based are not alleged to have been performed at a time during which services were authorized and at a time during which an appropriation was available for payment. Section 25 of "An Act in relation to the State Finance" provides that:

"When an appropriation shall be made without restriction as to the time of its use, it shall be available for expenditure for the purposes and to the amount therein stated, from the date that the Act becomes effective to and including the thirtieth day of June of the year in which the next General Assembly shall convene." (Chap. 127, par. 161, Illinois Revised Statutes, 1943.)

The appropriation for the payment of claimant's salary was thus available from June 30, 1941, the date that the Act making the appropriation became effective, to and including the 30th day of June, 1943. Claimant's services were rendered during July and August, 1943. The General Assembly made no appropriation to the Committee from which a salary for services rendered after June 30, 1943, could be paid.

The question presented to the court is not one of payment for services properly and duly authorized, for which payment was not made until after the lapse of the appropriation. It is, therefore, immaterial whether or not there remained a sufficient unexpended balance in the appropriation from which payment could have been made. The cases cited by claimant are cases involving claims for services rendered during a time when such services were authorized.

(*French* vs. *State,* 9 C. C. R., 463; *City of Shelbyville* vs. *State,* 9 C. C. R., 518.)

Under Section 25 of ''An Act in relation to the State Finance,'' (supra) the employment of the claimant after June 30, 1943, was unauthorized. Respondent's motion to dismiss is therefore granted.

Case dismissed.